# IN THE UNTIED STATES BANKRUPTCY COURT FOR THE
# NORTHERN DISTRICT OF OHIO
(*Canton Division*)

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 11 |
| GRASAN EQUIPMENT COMPANY, ) | |
| INC., ) | Case No. 21-BK-60199 |
| ) | |
| Debtor. ) | |
| ) | Judge Russ Kendig |
| ) | |
| ) | |

## ORDER AUTHORIZING AND APPROVING THE SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS TO TEREX USA, LLC OR TO THE HIGHEST AND BEST BIDDER FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS

The Court, having held a hearing on [_____], 2021 (the "Sale Hearing"), on Debtor's Motion for an Order Authorizing the Sale of Substantially All of Debtor's Assets To Terex USA, LLC or the Highest and Best Bidder, Free and Clear of All Liens, Claims, Encumbrances, and Interests (the "Sale Motion") filed by the above-captioned debtor and debtor-in- possession (the "Debtor"), pursuant to which Debtor sought orders, pursuant sections 105 and 363 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 6604-1 of the Local Rules for the United States Bankruptcy Court for the Northern District of Ohio (the "Local Rules"), the Court having reviewed and considered the Sale Motion and the relief requested in the Sale Motion and the evidence produced:

1

**THE COURT HEREBY FINDS AND CONCLUDES AS FOLLOWS:**

A. The findings and conclusions set forth herein and on the record at the Sale Hearing constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. Capitalized terms not otherwise defined will be given the meanings given to them in the Sale Motion.

B. This Court has jurisdiction over the Sale Motion and the transactions contemplated by such Sale Motion under 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue of this case and the Sale Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

C. The statutory predicates for the relief sought in the Sale Motion and the basis for the approvals and authorizations herein include, but are not necessarily limited to, sections 105(a) and 363 of the Bankruptcy Code, and Rules 1017, 2002, 6004, 9006, 9007, 9008, 9014 and 9019 of the Bankruptcy Rules.

D. This Court entered the Order Approving (I) Bidding Procedures for the Sale of Acquired Debtor's Assets Free and Clear of Liens and Encumbrances; (II) Break-Up Fee Related to the Sale of Acquired Debtor's Assets Free and Clear of Lien and Encumbrances; (III) Scheduling an Auction of Debtor's Assets and a Hearing to Consider the Sale of Debtor's Assets; and (IV) Approving the Form and Manner of Notice on [_____], 2021, at Docket 3 (the "Bid Procedures Order").

E. As no Qualifying Bids, as defined in the Bid Procedures Order, were received by Debtor, the auction scheduled for **April 12, 2021 at 10:00 a.m.** (the "Auction") was not held. Accordingly, Terex USA, LLC is deemed to be the "Successful Bidder" of Debtor's Assets (the "Purchaser") and may proceed as the Purchaser under the Stalking Horse APA.

F. Proper notice of the Sale Motion and the transactions contemplated thereby has been provided in accordance with sections 102(1), 105(a), 363 of the Bankruptcy Code and Bankruptcy Rules 2002, and Rule 6004, and in compliance with the Bid Procedures Order; such notice was good, sufficient and appropriate under the circumstances; and no other or further notice of the Sale Motion, the Auction, the Sale Hearing, this Order or the transactions contemplated thereby or hereby is or shall be required.

G. A reasonable opportunity to object and be heard with respect to the Sale Motion and the relief requested therein has been afforded to all interested persons and entities, including the following: (i) the Office of the United States Trustee; (ii) all persons and entities known to have expressed an interest in acquiring any of Debtor's Assets; (iii) all known creditors of Debtor, including, but not limited to, the Lienholders; and (iv) all other parties that had filed a notice of appearance and demand for service of papers in these bankruptcy cases under Bankruptcy Rule 2002.

H. Debtor may sell Debtor's Assets free and clear of all Liens (as defined in the Stalking Horse APA), with all such Liens being divested from Debtor's Assets and transferred to the proceeds of sale and attaching to the proceeds to the same extent and with the same priority, validity, force and effect as the Liens had against Debtor's Assets immediately prior to the Closing, because each entity with a Lien in any of Debtor's Assets to be transferred on the Closing Date either (i) has consented to the sale or is deemed to have consented to the sale; (ii) could be compelled in a legal or equitable proceeding to accept money satisfaction of such Lien; or (iii) otherwise falls within the provisions of section 363(f) of the Bankruptcy Code, and therefore, in

each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. Those holders of Liens who did not timely object to the Sale Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.

I. Good and sufficient reasons for approval of the Stalking Horse APA and the Sale Motion have been articulated. The relief requested in the Sale Motion is in the best interests of Debtor, its estate, its creditors and other parties in interest.

J. Debtor has demonstrated both (i) good, sufficient and sound business purposes and justifications and (ii) compelling circumstances for the sale other than in the ordinary course of business, pursuant to section 363(b) of the Bankruptcy Code, in that, among other things, (a) the proposed consideration for Debtor's Assets constitutes the highest or otherwise best offer for Debtor's Assets, and no other party has offered to purchase Debtor's Assets for a greater economic value to Debtor or its estate; and (b) the Stalking Horse APA and the Closing will present the best opportunity to realize and maximize the value of Debtor's Assets.

K. The Stalking Horse APA was negotiated, proposed and entered into by Debtor and Purchaser without collusion, in good faith and from arm's-length bargaining positions.

L. Debtor conducted the sale process in accordance with, and has otherwise complied in all respects with, the Bid Procedures Order. Debtor (a) afforded interested potential purchasers a full, fair, and reasonable opportunity to qualify and submit a higher or otherwise better offer to purchase Debtor's Assets and 440 S. Illinois Avenue Property, (b) provided potential purchasers sufficient access to materials and information to enable them to make an informed judgment on whether or what to bid on Debtor's Assets and 440 S. Illinois Avenue Property (or any subset thereof), and (c) considered any bids submitted on or before the Bidding Deadline as defined in the Bid Procedures Order.

4

21-60199-rk    Doc 4-4    FILED 02/19/21    ENTERED 02/19/21 20:44:26    Page 4 of 12

M. Purchaser is a good faith purchaser under section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby. Purchaser will be acting in good faith within the meaning of section 363(m) of the Bankruptcy Code in closing the transactions contemplated by the Stalking Horse APA and at all times after the entry of this Order. The Stalking Horse APA and all covenants in and conditions thereto, and any supplementary written agreements or schedules are to be considered an integrated transaction, subject to and protected by section 363(m) of the Bankruptcy Code.

N. The consideration provided by Purchaser pursuant to the Stalking Horse APA (i) is fair and reasonable, (ii) is the highest and best offer for Debtor's Assets, and (iii) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States.

O. The transfer of Debtor's Assets to Purchaser pursuant to the Stalking Horse APA will be a legal, valid, and effective transfer of Debtor's Assets, and vests or will vest Purchaser with all right, title, and interest of Debtor in Debtor's Assets, free and clear of Liens with all such Liens attaching to the proceeds to the same extent and with the same priority, validity, force and effect as the Liens had against Debtor's Assets immediately prior to the Closing.

P. As of the date of the Closing, neither Purchaser nor its affiliates, successors or assigns, as a result of any action taken in connection with the purchase of Debtor's Assets: (a) are a successor to Debtor; (b) have, de facto or otherwise, merged with or into Debtor; (c) are a continuation of Debtor or any enterprise of Debtor, or a continuation of any non- debtor affiliate of Debtor or any enterprise of any non-debtor affiliate of Debtor; or (d) are equity security interest holders or owners of any such party.

It is therefore, **HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1. The Sale Motion is GRANTED on the terms and conditions set forth therein and in this Order.

2. Capitalized terms not otherwise defined herein have the meaning given to them in the Sale Motion.

3. The Stalking Horse APA, and all of the terms and conditions thereof, including, but not limited to, the sale of Debtor's Assets in exchange for the Purchase Price as set forth and further detailed in the Stalking Horse APA, is hereby approved.

4. Pursuant to sections 363(b) and (f) of the Bankruptcy Code, Debtor is authorized to consummate the sale, pursuant to and in accordance with the terms and conditions of the Stalking Horse APA. The consideration provided by the Purchaser for Debtor's Assets under the Stalking Horse APA (a) is and shall be deemed to constitute reasonably equivalent value and fair consideration given to Debtor in exchange for its right, title, and interest in and to Debtor's Assets under the Bankruptcy Code and under the laws of the United States, any state, territory, possession and (b) is fair and reasonable. Neither the consideration nor the Stalking Horse APA may be avoided under section 363(n) or any other provision of the Bankruptcy Code or applicable non-bankruptcy law.

5. The Purchaser is found to be a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and shall be entitled to the protections afforded a good faith purchaser pursuant to such section. The Purchaser is not an insider of or affiliated with Debtor, any non-debtor affiliate of Debtor, or any equity security interest holder or owner of any such party. The Purchaser has acted in "good faith" in connection with the sale and, thus, the Purchaser is entitled to the full protections of section 363(m) of the Bankruptcy Code. Consistent

therewith, the transactions contemplated by the Stalking Horse APA are being undertaken by the Purchaser in good faith, as that term is used in section 363(m) of the Bankruptcy Code.

6. Debtor is authorized to execute and deliver, and empowered to perform under, consummate and implement, the Stalking Horse APA and all other additional instruments and documents that may be reasonably necessary or desirable to implement the Stalking Horse APA, and to take all further actions as may be requested by Purchaser for the purpose of transferring Debtor's Assets to Purchaser or as may be necessary or appropriate to the performance of the obligations contemplated by the Stalking Horse APA. Debtor is further authorized and directed to take all further actions as may be requested by the Purchaser for the purpose of transferring Debtor's Assets or as may be necessary or appropriate to the performance of the obligations contemplated by the Stalking Horse APA, without further order of this Court.

7. Pursuant to sections 105(a) and 363(b) and (f) of the Bankruptcy Code, Debtor's Assets shall be transferred to Purchaser and, as of the Closing Date, shall be transferred free and clear of all Liens with all such Liens being hereby divested from the property sold and transferred to the proceeds of sale, attaching to the proceeds paid to Debtor by the Purchaser to the same extent and with the same priority, validity, force and effect as the Liens, had against Debtor's Assets immediately prior to the Closing, subject to any rights, claims and defenses Debtor may possess with respect thereto, including but not limited the following Liens:

| No. | Creditor | Collateral |
|---|---|---|
| 1 | Thryve Capital Funding, LLC | All Debtor's Assets |
| 2 | National Funding, Inc. | All Debtor's Assets |
| 3 | Internal Revenue Service | Federal Tax Lien on Debtor's Assets |
| 4 | Ohio Department of Taxation | State Tax Lien on Debtor's Assets |
| 5 | APZB Industries | All Debtor's Assets |
| 6 | CT Corporation System, as representative (2017) | All Debtor's Assets |

| 7 | CT Corporation System, as representative (2018) | All Debtor's Assets |

8. The transfer of Debtor's Assets to the Purchaser (a) shall constitute a legal, valid, and effective transfer of Debtor's Assets, authorized pursuant to the Bankruptcy Code, and (b) shall vest in the Purchaser all right, title, and interest of Debtor in and to Debtor's Assets, free and clear of all Liens with all such Liens being divested from Debtor's Assets and attaching to the proceeds of sale to the same extent and with the same priority, validity, force and effect as the Liens had against Debtor's Assets immediately prior to the Closing. Except as expressly set forth in the Stalking Horse APA, the Purchaser shall have no liability for any Liens or damages or other obligation of or against Debtor related to Debtor's Assets by reason of the transfer of Debtor's Assets to the Purchaser or by reason of or in connection with Debtor's prior conduct or operation or discontinuation of the business. Without limiting the generality of the foregoing, the Purchaser shall not be liable for any Liens, claims, encumbrances or interests that may be asserted against Debtor or any of its predecessors or affiliates or any insiders of the foregoing, and the Purchaser shall not be liable for any Liens, claims, encumbrances or interests against Debtor including under any theory of antitrust, environmental, successor or transferee liability, labor law, whether known or unknown as of the Closing Date, now existing or hereafter arising, whether fixed or contingent, whether asserted or unasserted, whether legal or equitable, whether liquidated or unliquidated, including liabilities on account of warranties, and any taxes arising, accruing or payable under, out of, in connection with, or in any way relating to the operation or discontinuation of Debtor's business or the use, disposition, or operation of Debtor's Assets prior to the Closing.

9. If any person or entity that has filed financing statements, mortgages, mechanic's liens, *lis pendens*, or other documents or agreements evidencing Liens, claims or interests in or

on Debtor's Assets shall not have delivered to Debtor prior to the Closing Date, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, and releases of all Liens that the person or entity has with respect to Debtor's Assets, (a) Debtor is hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to Debtor's Assets and (b) the Purchaser is hereby authorized to file, register, or otherwise record a certified copy of this Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all Liens, claims and interests against, in, or on Debtor's Assets of any kind or nature whatsoever; *provided, however*, that nothing in this paragraph shall operate to impair the free and clear transfer of Debtor's Assets authorized by this Order generally or otherwise require Debtor or the Purchaser to obtain or file any such termination statements, satisfactions, or releases.

10. All persons and entities, including, but not limited to, all equity security holders, governmental, tax and regulatory authorities, lenders, trade and other creditors, holding Liens, claims and/or interests of any kind or nature whatsoever against or in Debtor or Debtor's Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, liquidated or unliquidated, senior or subordinated), arising under or out of, in connection with, or in any way relating to, Debtor, Debtor's Assets, the operation or closing of the businesses by Debtor or the free and clear transfer of Debtor's Assets to Purchaser, shall be and hereby are forever barred, estopped and permanently enjoined from asserting, prosecuting or otherwise pursuing against Purchaser, its property, its successors and assigns, its affiliates or Debtor's Assets, such persons' or entities' Liens with all such Liens attaching to the proceeds to the same extent and with the same priority, validity, force and effect as the Liens had against

9

21-60199-rk    Doc 4-4    FILED 02/19/21    ENTERED 02/19/21 20:44:26    Page 9 of 12

Debtor's Assets immediately prior to the Closing. Following the Closing Date, no holder of a Lien against or in Debtor shall interfere with Purchaser's title to or use and enjoyment of Debtor's Assets based on or related to such Liens.

11. The transfer of Debtor's Assets to Purchaser pursuant to the Stalking Horse APA constitutes a legal, valid and effective transfer of Debtor's Assets, and shall vest Purchaser with all right, title and interest of Debtor in and to Debtor's Assets free and clear of all Liens with all such Liens, claims, encumbrances and interests attaching to the proceeds of sale to the same extent and with the same priority, validity, force and effect as the Liens had against Debtor's Assets immediately prior to the Closing. The failure specifically to include any particular provisions of the Stalking Horse APA in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Stalking Horse APA be authorized and approved in its entirety.

12. This Order shall be binding upon and shall govern the acts of all entities, including without limitation all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of Debtor's Assets.

13. All persons or entities who are presently, or on the closing may be, in possession of any of Debtor's Assets are hereby directed to surrender possession of Debtor's Assets to the Purchaser.

14. The Stalking Horse APA and the transactions and instruments contemplated thereby shall be enforceable against and binding upon and shall not be subject to rejection or avoidance by Debtor or any chapter 7 or chapter 11 trustee for Debtor or its estate or any other person or entity on behalf of Debtor. Furthermore, nothing contained in any chapter 11 plan confirmed in this chapter 11 case or any order of the Court confirming such plan(s), or any other order entered in this chapter 11 case (or any subsequent chapter 7 case(s)) shall conflict with or derogate from the provisions of the Stalking Horse APA or the terms of this Order.

15. Nothing in this Order is intended to or shall be deemed to modify the terms of the Stalking Horse APA except as may be expressly provided herein.

16. The Stalking Horse APA may be modified, amended, or supplemented by the parties thereto, in a writing signed by both parties, in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment, or supplement is not material. The terms and provisions of this Order shall inure to the benefit of and shall be fully enforceable by Purchaser's successors and assigns.

17. To the extent that Section 1146(c) of the Bankruptcy Code applies, the sale of Debtor's Assets to the Purchaser shall be exempt from any and all stamp, transfer, recording, and other similar taxes (other than income taxes), and any transfer fees or other similar costs incurred or assessed by any federal, state, local, or foreign taxing authority (including interest and penalties, if any) in connection with the sale or transfer of Debtor's Assets to Purchaser or the transactions contemplated by the Stalking Horse APA. No bulk sales law or any similar law of any state or other jurisdiction applies in any way to the Stalking Horse APA.

18. Except as otherwise provided by further order of this Court, this Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of

this Sale Order and the Stalking Horse APA, all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith to which Debtor is a party or which has been assigned by Debtor to the Purchaser in accordance with the Stalking Horse APA, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Stalking Horse APA, including retaining jurisdiction to (a) compel delivery of Debtor's Assets in accordance with the Stalking Horse APA; (b) interpret, implement and enforce the provisions of this Sale Order; and (c) protect Purchaser against any Liens, Claims, Encumbrances and Interests in or against Debtor or Debtor's Assets of any kind or nature whatsoever, attaching to the proceeds of the sale under the Stalking Horse APA.

19. This Order is a final order and, in accordance with Bankruptcy Rule 8002(a), the time to file a notice of appeal of this Order shall commence on the date of the entry of this Order by the Court. Pursuant to Bankruptcy Rule 6004(h), the Court expressly finds that there is no just reason for delay in the implementation of this Order, and expressly directs that the fourteen- day stay otherwise applicable pursuant to Rule 6004(h) may be waived by agreement of the parties to the Stalking Horse APA.

20. This Order survives any dismissal or conversion of the within case.

### 

**SUBMITTED BY:**

*/s/ Patrick W. Carothers*
Patrick W. Carothers, Esq. (OH ID #77164)
Leech Tishman Fuscaldo & Lampl LLC

*Counsel to Debtor and
Debtors-in-Possession*